UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Extradition Transport of America, L.L.C., | ) | Civil No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Houston Casualty Company, Inc.; | ) | |
| Christopher J. Nyhus; | ) | |
| Jerome C. Kettleson; and | ) | |
| Pearce & Durick, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff Extradition Transport of America, L.L.C ("PLAINTIFF") alleges:

### PARTIES AND JURISDICTION

1. PLAINTIFF is, and at all times alleged herein was, a limited liability company incorporated under the laws of the State of Nevada. Every member of PLAINTIFF is a natural person and is a citizen of the State of California. At all relevant times alleged herein, PLAINTIFF was involved in the business of interstate transport of prisoner.

2. Defendant Houston Casualty Company ("HCC") is, and at all times alleged herein was, a corporation incorporated under the laws of the State of Texas, having its principal place of business in the State of Texas.

3. On information and belief, Defendant Pearce & Durick ("Pearce") is, and at all times alleged in this complaint was, a partnership engaged in the practice of law in the State of North Dakota. All of Pearce's partners are natural persons who are citizens of the State of North Dakota.

4. On information and belief, Defendant Christopher J. Nyhus ("Nyhus") is and at all times mentioned herein was, a citizen of the State of North Dakota. Nyhus is, and at all times alleged in this complaint was, an attorney admitted to practice law by the State Bar of North Dakota.

5. On information and belief, Defendant Jerome C. Kettleson ("Kettleson") is and at all times mentioned herein was, a citizen of the State of North Dakota. Kettleson is, and at all times alleged in this complaint was, an attorney admitted to practice law by the State Bar of North Dakota.

6. At the times relevant herein, Kettleson and Nyhus were employed by Pearce as attorneys. Kettleson, Nyhus, and Pearce will be collectively referred to "Attorney." On information and belief, Kettleson and Nyhus are no longer employed by Pearce.

7. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. The claims alleged herein arose in this district.

**FACTS**

9. This case arises out of the escape of prisoner Joseph Matthew Megna ("Megna") in the State of North Dakota while being transported from Florida to the State of Washington by PLAINTIFF on October 4, 2011. A manhunt ensued, and Megna was captured the next day.

10. On or about June 12, 2012, the United States (the "government") filed a complaint against PLAINTIFF in the United States District Court for the District of North Dakota (No. 3:12-cv-00046-KKK) (the "underlying action"). The United States made claims to recover damages, including costs it incurred to capture and return Megna. In addition, the government sought penalties pursuant to the Interstate Transportation of Dangerous Criminals Act of 2000,

42 U.S.C. § 13726 et seq., and related regulations, see 28 C.F.R. Pt. 97, "Standards for Private Entities Providing Prisoner of Detainee Services" (collectively "Jeanna's Act").

11. HCC insured PLAINTIFF at the time of Megna's escape. PLAINTIFF tendered the defense of the underlying action to HCC. HCC agreed to defend PLAINTIFF in the underlying action under a reservation of rights dated October 20, 2011 ("reservation of rights letter").

12. In the reservation of rights letter, HCC reserved its rights to deny the government's claim based on statements made by PLAINTIFF in which it arguably appeared to volunteer that its insurer would cover costs associated with Megna's escape. HCC also reserved its rights to deny any portion of the government's claim that relate to penalties sought under Jeanna's Act, since the insurance policy's definition of "Damages" does not include penalties.

13. PLAINTIFF demanded an independent counsel ("Cumis counsel") to represent it in the underlying action, but HCC refused.

14. In turn, HCC assigned Attorney, which was one of HCC's panel counsel, to defend PLAINTIFF in the underlying action. Attorney never obtained a conflict of interest waiver from PLAINTIFF or disclosed to PLAINTIFF that there is a potential and/or actual conflict of interest.

15. On August 28, 2012, PLAINTIFF ("PLAINTIFF") filed a complaint ("Complaint") in U.S. District Court, Central District of California against HCC et. al. for declaratory relief seeking Cumis counsel for PLAINTIFF. On March 4, 2013, HCC filed a motion for summary judgment ("Motion"), seeking to establish that a conflict sufficient to trigger a right to independent counsel for PLAINTIFF does not exist here.

16. On March 7, 2014, The Central District of California Court entered an order ("Order") denying HCC's summary judgment motion and granting *sua sponte* summary

judgment in favor of PLAINTIFF on the issue of whether HCC has a duty to assign Cumis counsel. A copy of the Order is attached to this complaint as **Exhibit 1** and its factual finding is incorporated by reference as if fully set forth herein.

17. HCC has filed a notice of appeal from the Order to the U.S. Court of Appeal, Ninth Circuit, which is currently pending.

18. PLAINTIFF incurred, and is continuing to incur, legal fees in amount not less than $50,000 in bringing the declaratory relief action and hiring counsel to represent it in the underlying action. As a direct result of the financial burden incurred due to said legal fees, as well as expending time and resources to the declaratory relief action, PLAINTIFF's business suffered and eventually failed. Further, as a result of failing to give PLAINTIFF independent counsel, PLAINTIFF was forced to enter into an unfavorable settlement where it had to contribute $2,500 for the settlement of the underlying action.

## COUNT-I

## (AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

## BY PLAINTIFF AND AGAINST HCC))

19. PLAINTIFF incorporates the allegations above as if fully set forth herein.

20. HCC knew that Attorney was representing PLAINTIFF with a conflict of interest and that Attorney never gave written disclosure of this conflict to PLAINTIFF nor obtained PLAINTIFF's consent.

21. HCC gave substantial assistance and encouragement to Attorney by, among other things, continuing to direct Attorney to represent, and continue to represent, PLAINTIFF in the underlying action and refusing to assign PLAINTIFF Cumis counsel.

22. Defendant's conduct was a substantial factor in causing PLAINTIFF's harm.

## COUNT-II

### (NEGLIGENCE BY PLAINTIFF AND AGAINST HCC)

23. PLAINTIFF incorporates the allegations above as if fully set forth herein.

24. By virtue of the insurance policy, the insurer-insured relationship, and California insurance code, HCC had a duty to handle PLAINTIFF's insurance claim in a reasonable matter by, among other things, assigning an independent counsel to PLAINTIFF.

25. HCC breached their duty by failing to assign an independent counsel to PLAINTIFF.

26. As a direct result of Defendant's breach, PLAINTIFF was harmed by incurring attorney fees and losing its business.

## COUNT-III

### (BREACH OF CONTRACT BY PLAINTIFF AND AGAINST HCC)

27. PLAINTIFF incorporates the allegations above as if fully set forth herein.

28. PLAINTIFF and HCC entered into an insurance contract providing coverage for PLAINTIFF's business activities.

29. PLAINTIFF properly submitted a claim for coverage to Defendant.

30. PLAINTIFF did all, or substantially all, of the significant things the insurance contract required it to do.

31. HCC breached the insurance contract by failing to provide PLAINTIFF with independent counsel.

32. PLAINTIFF was harmed by that failure by incurring attorney fees and losing its business.

## COUNT-IV

## (BREACH OF FIDUCIARY DUTY AGAINST CHRISTOPHER NYHUS, JEROME KETTLESON, AND PEARCE & DURICK)

33. PLAINTIFF incorporates the allegations above as if fully set forth herein.

34. Attorney knew that Attorney was representing PLAINTIFF with a conflict of interest and Attorney never gave a written disclosure of this conflict to PLAINTIFF nor obtained PLAINTIFF's consent.

35. As a direct result of Attorney's conduct, PLAINTIFF was harmed.

**WHEREFORE**, PLAINTIFF prays for the following:

1. For compensatory damages in an amount not less than $110,000.

2. For punitive damages.

3. For interest and costs of suits

4. For such other relief that the court deems proper.

**JAFARI LAW GROUP, INC.**

BY:   /s/ David Jafari
David V. Jafari, ESQ.
120 Vantis, Suite 430
Aliso Viejo, CA  92656
949-362-0100
djafari@jafarilawgroup.com